BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

LAW OFFICES OF GARY FREEDMAN
Gary Freedman (State Bar No. 49922)
goromans@aol.com
1149 Third Street, Suite 200
Santa Monica, California 90403
Telephone: (310) 576-2444
Facsimile: (310) 576-2440

Attorneys for Brighton Collectibles, LLC

NOTE CHANGES MADE BY COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRIGHTON COLLECTIBLES, LLC., A Delaware Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MACY'S INC., A Delaware Corporation, DASAN, INC., A New York corporation,<br><br>　　　　　Defendants. | Case No. 2:17-cv-04526-DSF-SS<br>Hon. Dale S. Fischer<br>Magistrate Judge Suzanne H. Segal<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>[Discovery Document: Referred to Judge Suzanne H. Segal] |

I.  **PURPOSES AND LIMITATIONS.** Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not offer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth herein, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

II. GOOD CAUSE STATEMENT. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things: (1) confidential business or financial information, including non-public information regarding pricing, revenues, costs, gross profits and net profits for at-issue products; (2) information regarding confidential business practices, including non-public sales strategies; 3) non-public product designs; and (4) information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case

decisions, or common law. The parties could suffer harm from the disclosure of confidential and proprietary information. For example, detailed, non-public financial information, could be used to a party's disadvantage by suppliers during arms-length negotiations, and competitors. Similarly, competitors may copy non-public sales strategies, which would reduce or eliminate a party's advantage in the marketplace. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

III. The Court, finding that the order requested by the parties is proper and desirable in the circumstances of this case, and good cause appearing therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, grants the parties' Joint Motion for Entry of Protective Order and enters the following Protective Order for the benefit of all parties and witnesses and to govern the course of the discovery proceedings in this case:

1. The following definitions shall apply to this Order:

    a. "Confidential Information" shall mean and refer to any information that has not been made public and the disclosure of which may cause harm to the person or entity from which the information is obtained, including, but

not limited to, documents, things and/or data that is considered in good faith by the designating party to constitute a trade secret (as defined in California Civil Code § 3426.1), confidential information, and/or proprietary business or technical information. The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed in good faith to be confidential within the meaning of this Protective Order.

      b.    "Confidential for Attorneys' Eyes Only Information" shall mean and refer to any Confidential Information that is considered in good faith by the designating party to be highly sensitive that disclosure to persons other than limited and specified individuals could cause undue risk of substantial and immediate injury to an individual or to the business or competitive position of the producing party. The designation made by a disclosing party or non-party shall be a certification to the Court and the other parties that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Protective Order.

      c.    "Qualified Persons" entitled to view or receive Confidential Information not designated Confidential for Attorneys' Eyes Only Information shall be limited to:

          i.    Counsel to any party to the litigation and those employees of the parties' counsel who need to see such Confidential Information in order to perform their jobs, including the paralegals, clerical staff, secretarial staff, and other support personnel employed by such counsel;

          ii.    Those officers, directors or employees of the parties to this litigation, who are reasonably necessary to assist counsel in this litigation;

          iii.    Any persons who appear on the face of the Confidential Information as an author, addressee or prior recipient thereof;

          iv.    Expert witnesses or consultants retained or employed by the parties or their respective attorneys solely for the purpose of assisting counsel in

the prosecution, defense or settlement of this Action who have complied with paragraph 2, below, and the employees of such experts or consultants who are assisting them, provided such person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       v.    The United States District Court for the Central District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel;

       vi.    Court reporters, stenographers, and video reporters/videographers who are retained to transcribe or videotape testimony, including depositions, in the action;

       vii.    Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action or consulted by agreement of the parties in any attempt to settle this matter, and any of their respective personnel;

       viii.    Witnesses at any deposition or other proceeding in this action, during the course of their testimony upon the witness being advised of the need and agreeing to keep the records confidential, and provided that the witness is an employee, former employee, or otherwise affiliated with the Party that designated the document or information "Confidential"; and/or

       ix.    Any other person to whom the parties agree in writing.

    d.    "Qualified Persons" entitled to view or receive Confidential for Attorneys' Eyes Only Information shall be limited to:

       i.    Counsel to any party to the litigation and those employees of the parties' counsel who need to see such Confidential for Attorneys' Eyes Only Information in order to perform their jobs, including the paralegals, clerical staff, secretarial staff, and other support personnel employed by such counsel;

       ii.    Designated House Counsel of the Receiving Party (1) to

whom disclosure is reasonably necessary for this litigation, (2) who is directly involved in the management of the litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   iii. Any persons who appear on the face of the Confidential for Attorneys' Eyes Only Information as an author, addressee or prior recipient thereof;

   iv. Expert witnesses or consultants who are not employees of any Party and who are retained or employed by the parties or their respective attorneys solely for the purpose of assisting counsel in the prosecution, defense or settlement of this Action who have complied with paragraph 2, below, and the employees of such experts or consultants who are assisting them, to the extent counsel of record in good faith believes such disclosure is required to assist in the prosecution, defense or resolution of this litigation;

   v. The United States District Court for the Central District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel;

   vi. Court reporters, stenographers, and video reporters/videographers who are retained to transcribe or videotape testimony, including depositions, in the action;

   vii. Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action or consulted by agreement of the parties in any attempt to settle this matter, and any of their respective personnel;

   viii. Witnesses at any deposition or other proceeding in this action, during the course of their testimony, whom counsel for a Party legitimately believes may, might or could have knowledge of the contents of the document designated Confidential for Attorneys Eyes' Only or the specific events,

transactions, discussions, or data reflected in the document, and upon the witness being advised of the need and agreeing to keep the records confidential, provided that the witness is an employee, former employee, or otherwise affiliated with the designating Party;

   ix. Any other person to whom the parties agree in writing.

 2. Prior to disclosing information designated as Confidential for Attorneys' Eyes Only Information to outside experts or consultants identified in Paragraph 1(c) subparagraph(iv), or Paragraph 1(d) subparagraph (iv), the requesting party shall serve notice (the "Notice") on the nonrequesting party, by email at least fourteen (14) days prior to the intended disclosure of the Attorney's Eyes Only material, that requesting party wants to disclose such information to outside experts or consultants identified in Paragraphs 1(c) subparagraph (iv) and/or 1(d) subparagraph (iv). The requesting party shall also serve a copy of a resume or curriculum vitae and a list of consultancies for the past four (4) years with the Notice.

  a. Any objection by the nonrequesting party to disclosure to such experts or consultants identified in Paragraphs 1(c) (iv) and/or 1(d)(iv) must be made for good cause and in writing, stating with particularity the reasons for objections, and served by email within the fourteen (14) day period. Disclosure is not permitted until the matter is resolved by the parties or by the Court. The objecting party carries the burden to show cause why the material should not be disclosed to such person under the terms of this Protective Order. Failure to object by nonrequesting party within fourteen (14) days after Notice has been served on nonrequesting party shall constitute approval. Nothing herein shall limit a party's ability to challenge the qualifications of any testifying expert.

  b. If the parties reach agreement after objection is made or if no objection is made, the experts or consultants identified in Paragraphs 1(c) (iv) and/or 1(d)(iv) shall be provided with a copy of this Protective Order and shall sign a

1  Written Assurance statement in substantially the form that appears in Exhibit A.

2      3.   The original of the executed written assurance shall remain in the possession of the attorney who makes the disclosure of the Confidential Information or the Confidential for Attorneys' Eyes Only Information until the parties agree in writing to the contrary.

      4.   The production of any material or information during discovery in this action shall be without prejudice to any claim that such is privileged as a trade secret or confidential and proprietary business information, or protected by the right of privacy, and no party shall be held to have waived these privileges or right by such production.

      5.   Whenever during the course of discovery in this matter a party or witness is properly requested to disclose, or voluntarily discloses, materials or information that a party considers to be Confidential Information or Confidential Attorneys' Eyes Only Information, that party shall indicate at or before the time of disclosure that the information or materials are Confidential Information or Confidential for Attorneys' Eyes Only Information by marking the information or materials as such or putting some other similar designation thereon, or by indicating in some other appropriate fashion that the information or materials produced are subject to this protective order. Inadvertent failure to designate material as "Confidential" or "Confidential—For Attorneys' Eyes Only" under this Order shall not operate as waiver of the Party's right to subsequently designate such material as "Confidential" or "Confidential—For Attorneys' Eyes Only."

      6.   Materials or information designated as Confidential Information or Confidential for Attorneys' Eyes Only Information, including any summaries, copies, abstracts, or other documents containing the Confidential Information or Confidential for Attorneys Eyes Only Information, shall be treated in accordance with the terms of this Protective Order and shall be used by the parties, their respective agents, and any other persons to whom such Confidential Information or

Confidential for Attorneys' Eyes Only Information may be disclosed pursuant to this Protective Order, only for the prosecution, defense or settlement of this Action, and for no other purposes, including but not limited to business and other litigation purposes. Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of either party to disclose Confidential Information or Confidential for Attorneys' Eyes Only Information lawfully obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information or Confidential for Attorneys' Eyes Only Information to any person as it deems appropriate.

7. If a Party or their counsel is served, during this action (including up to the deadline to destroy or return documents set forth in paragraph 12), with a subpoena, order, or other request requiring production of another Party's Confidential Information or Confidential For Attorneys' Eyes Only Information, the Party receiving the subpoena, order, or request will, within five court days, send by email a copy of such demand to the attorney for the opposing Party (i.e., the Party that produced the material the subpoena seeks). Once it receives the notice, the opposing Party shall have fourteen (14) days to file a motion in the proper court objecting to the production. If a motion objecting to the production is timely filed, the Party receiving the subpoena, order, or request shall not produce the material until after a court rules on the motion, unless required to do so by a court order (other than the subpoena itself) or by the law.

8. When briefs, memoranda or other documents or things containing Confidential Information or Confidential for Attorneys' Eyes Only Information are filed with the Court, the filing party shall make every effort to file these documents or things under seal and shall comply with the Court's requirements for doing so, including by complying with Civil Local Rule 79-5. In particular, the filing party shall move in accord with the Local Rules to file the documents under seal. In all

instances the designating party shall be provided an opportunity, before a motion to file under seal is filed, to place in that motion the reasons why the designating party believes the material may be filed under seal. If the Magistrate Judge or the District Judge approves this request, and orders that the documents may be filed under seal, the documents shall then be filed under seal. However, should the Magistrate Judge or the District Judge decline to allow the documents or things to be filed under seal, nothing in this Order shall prevent the filing party from submitting the documents or things to the Court in an unsealed filing.

9. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody or control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

10. Should any document(s) containing Confidential Information or Confidential For Attorneys' Eyes Only Information be inadvertently or disclosed by any Party other than the designating party, the Party responsible for the inadvertent filing or disclosure shall: (a) notify in writing the designating party of the unauthorized disclosure; (b) use best efforts to retrieve all unauthorized copies of designated material; (c) inform any person to whom the unauthorized disclosure was made of all the terms of this Order; and (d) request that such person execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A. Should a document(s) containing Confidential or Confidential For Attorneys' Eyes Only Information be inadvertently filed on the Court's public docket, the Party filing the document(s) shall, upon discovering the error or upon written notification of the error, promptly ask the Court to allow it to withdraw the documents, and will

Case 2:17-cv-04526-DSF-SS   Document 28-1   Filed 11/13/17   Page 11 of 15   Page ID #:203

1  then follow the procedures required by paragraphs 7 and 8, above.
2      11.    The process for challenging a party's designation of material as
3  confidential shall be as follows:
4      a.    Any Party or Non-Party may challenge a designation of
5  confidentiality at any time. Unless a prompt challenge to a Designating Party's
6  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,
7  unnecessary economic burdens, or a significant disruption or delay of the litigation,
8  a Party does not waive its right to challenge a confidentiality designation by electing
9  not to mount a challenge promptly after the original designation is disclosed.

*see LR 37-1, 37-2, 37-3.* [handwritten marginalia] *SHS* [initials]

10     b.    The Challenging Party shall initiate the dispute resolution
11 process by providing written notice of each designation it is challenging and
12 describing the basis for each challenge. To avoid ambiguity as to whether a
13 challenge has been made, the written notice must recite that the challenge to
14 confidentiality is being made in accordance with this specific paragraph of the
15 Protective Order. The parties shall attempt to resolve each challenge in good faith
16 and must begin the process by conferring directly (in voice to voice dialogue; other
17 forms of communication are not sufficient) within 14 days of the date of service of
18 notice. In conferring, the Challenging Party must explain the basis for its belief that
19 the confidentiality designation was not proper and must give the Designating Party
20 an opportunity to review the designated material, to reconsider the circumstances,
21 and, if no change in designation is offered, to explain the basis for the chosen
22 designation. A Challenging Party may proceed to the next stage of the challenge
23 process only if it has engaged in this meet and confer process first or establishes that
24 the Designating Party is unwilling to participate in the meet and confer process in a
25 timely manner.

[Lines 10-25 are crossed out with a large X]

26     c.    If the Parties cannot resolve a challenge without court
27 intervention, the Designating Party shall file and serve a motion to retain
28 confidentiality ~~under Civil Local Rules 7-4 through 7-8~~ (and in compliance with

[handwritten: *Local Rule 37-1, 2, 3.* *SHS*]

964941.1
-10-
Case No. 2:17-cv-04526
[Proposed] Stipulated Protective Order

1. Civil Local Rule 79-5, if applicable) ~~within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.~~ Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding sub-paragraph. ~~Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so.~~

      d.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

      12.    A producing Party may give notice to another Party that it is eliminating or changing a previous designation of material as "Confidential" or "Confidential - For Attorneys' Eyes Only." In that event, if the producing Party does not wish the previous designation to be known, the producing Party shall provide a new, re-designated copy of the documents or other material. Such re-designated copy will then be the only version of the documents that may be used as an exhibit at trial or otherwise displayed to the court. No mention shall be made to the Court of the previous designation.

      13.    Within 60 days after the termination of this Action and the expiration of the time for appeal or final determination of any appeal, all originals and copies

of any Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of any person or entity (other than the courts identified in paragraphs 1(c)(v) and 1(d)(v) above) shall be destroyed or returned to the party who produced such document(s) or information. In the event that the documents are destroyed, rather than returned, a letter to that effect shall be provided to counsel. Notwithstanding the foregoing, each Party's outside counsel may maintain one copy of all work product, transcripts, exhibits, and court filings containing "Confidential Information" or "Attorney's Eyes Only Information" for the sole purpose of maintaining complete and accurate files of this action.

Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of the District Court shall be disposed of as follows: Within 60 days after the termination of this Action and the expiration of the time for appeal or final determination of any appeal, any party to this action may provide to the District Court a package containing the materials necessary, with postage prepaid, to return the Confidential Information or Confidential for Attorneys' Eyes Only Information to that party (hereinafter "Return Package"). The party seeking return of the Confidential or Confidential for Attorneys' Eyes Only Information must be one of the parties to this action, or its counsel, but need not be the actual owner of the information or the party that actually submitted the information to the Court. The materials submitted to the Court in the Return Package shall include a list of the documents to be returned, and this list must be submitted to the other party at least one week prior to the expiration of the 30 day period referenced above. Any Confidential or Confidential for Attorneys' Eyes Only Information returned pursuant to the foregoing procedure must be treated by the receiving party strictly in accordance with the terms of this Protective Order. To the extent that the parties do not seek the return of Confidential or Confidential for Attorneys' Eyes Only Information as set forth above, the District Court may dispose of such Confidential Information or

964941.1                                    -12-                        Case No. 2:17-cv-04526
[Proposed] Stipulated Protective Order

1 | Confidential for Attorneys' Eyes Only Information in any manner it deems proper.

2 |     14.    This Order shall be without prejudice to the right of the Parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

    15.    Third parties who produce documents or materials or provide testimony in connection with this action, whether in response to a subpoena or otherwise, may produce such documents or materials and/or testify pursuant to the protections afforded by this Order by complying with paragraph 2 above.

    16.    When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The provisions of this Protective Order are subject to further Court order.

    17.    Without separate and subsequent Court order, this Protective Order does not change, amend, or circumvent any Court rule or Local Rule.

Dated: 11/14, 2017

*[signature]*
Hon. Suzanne H. Segal
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____ [name], _____ [position of employment], hereby acknowledge that any information provided to me is subject to the terms and conditions of the Protective Order in case number 2:17-cv-04526, pending in the United States District Court for the Central District of California.

Having been given a copy of the Protective Order, and having read and understood its contents, I hereby agree to be bound by and to comply with the terms and provisions thereof. I further agree that I will not disclose documents or information designated Confidential Information or Confidential For Attorneys' Eyes Only Information except as specifically permitted by the terms of the Protective Order, and that I will use the documents or information solely for purposes of this litigation in accordance with the Protective Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the aforesaid Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____